ELLIOTT LOUIS PELL, P.C.
elliottpell@elliottpell.com
122 East 42nd Street, Suite 2100
New York, New York 10168
Telephone: (212) 391-2122
Facsimile: (908)286-0620
EP3655
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CORITSIDIS, TINA CORITSIDIS, and KAREEN MCKENZIE, <br><br> Plaintiffs, <br><br> vs. <br><br> K'HAL BNEI TORAH OF MOUNT IVY, <br><br> Defendant. | Case No. <br><br> Civil Action <br><br> COMPLAINT <br> (Jury Requested) |

## PARTIES

1. Plaintiff Kareen McKenzie ("Plaintiff McKenzie") is a citizen and resident of the State of New York, County of Rockland, Town of Haverstraw (49 Riverglen Drive).

2. Plaintiff John Coritsidis ("Plaintiff John Coritsidis") is a citizen and resident of the State of New York, County of Rockland, Town of Haverstraw (60 Riverglen Drive).

3. Plaintiff Tina Coritsidis ("Plaintiff Tina Coritsidis") is a citizen and resident of the State of New York, County of Rockland, Town of Haverstraw (60 Riverglen Drive).

4. Upon information and belief, Defendant K'Hal Bnei Torah of Mount Ivy ("Defendant") is a religious corporation organized under Article 10 of the New York Religious Corporation Law serving a section of the Orthodox Jewish community in a section of the Town of Haverstraw.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. Section 1331 because this case concerns a federal question, i.e., the constitutionality of 42 U.S.C 2000cc.

6. Venue in the United States District Court For The Southern District of New York is appropriate, pursuant to 28 U.S.C. 1391(b)(1), in that Defendant is a resident of the Southern District of New York. Venue in the United States District Court For The Southern District of New York is appropriate, pursuant to 28 U.S.C. 1391(b)(2), in that a substantial part of the events of omissions giving rise to the claim occurred within the United States District Court For The Southern District of New York, and a substantial part of the property that is the subject of this action is situated within the United States District Court For The Southern District of New York.

## NATURE OF THE CASE

7. This case concerns the constitutional invalidity, facially and as applied, and the inapplicability of the Religious Land Use and Institutionalized Persons Act of 2000, 114 Stat. 803-807, 42 U.S.C. Sections 2000cc et seq. ("RLUIPA"), a federal statute that members of the Orthodox Jewish community in Rockland County, New York ("Members")- and other parts of the United States of America- have used as a sword, not a shield, to bully public officials and ordinary citizens to cave to those Members' unreasonable violations of federal and state laws, common sense and common decency.

8. The plain truth is there is more than a touch of irony to the Members' cries of antisemitism. For, upon information and belief, some of the Members and some other Orthodox sects do not recognize other denominations of Hebrews-Conservative and Reform- as Jews. So, too, some of the Members and some other Orthodox sects believe they are entitled to special treatment at the expense of other citizens, that they have the right to evade secular law because of their faith. Simply put, the constant cries of antisemitism are a tempest in a very, very small teapot.

## STATEMENT OF THE CASE

### Defendant's Current Land Use Application In Haverstraw Relying Upon RLUIPA

9. In or about early 2021, Defendant submitted to the Town of Haverstraw Planning Board ("the Planning Board") an application for site plan approval and approval to convert and expand an existing single-family residence located at 62 Riverglen Drive, Haverstraw, New York into a house of worship ("the Application" or "Defendant's Application").

10. At its August 11, 2021 meeting, the Planning Board held a preliminary presentation on Defendant's Application.

11. The Planning Board opened a duly noticed public hearing at its November 10, 2021 meeting.

12. This public hearing was continued at numerous other public hearings of the Planning Board, at which Defendant made quite clear that it was relying upon RLUIPA in support of its application.

13. The public hearing was closed on July 13, 2022.

14. In connection with Defendant's Application, the Planning Board considered various land use issues.

15. Defendant's Application was referred to the Town of Haverstraw Zoning Board of Appeals ("the Zoning Board of Appeals") for necessary variances.

16. At its July 13, 2022 meeting, the Zoning Board of Appeals adopted a resolution granting all necessary area variances.

17. Thereafter, the Planning Board's attorney prepared a draft proposed Resolution granting final site plan approval to the project, relying primarily on RLUIPA, which, upon information and belief, had been discussed during the Planning Board's deliberations and at length at various public hearing sessions.

18. Specifically, in the aforesaid proposed Resolution, in recommending that the Planning Board grant Defendant's current land use application, the Planning Board's attorney placed primary reliance on RLUIPA.

19. At its meeting on August 17, 2022, the Planning Board voted against approval of the aforesaid draft Resolution.

Defendant Has Filed In The United States District Court For The Southern District Of New York A Lawsuit Styled "K'Hal Bnei Torah Of Mount Ivy -against- Town of Haverstraw, et al.,

20. By Complaint dated November 10, 2022, Defendant sued the Town of Haverstraw, the Planning Board of the Town of Haverstraw, and the three members of the Planning Board that voted against approval of the aforesaid draft Resolution- Glenn Widmer, Joseph Michalak and Robert Sambrato ("Defendant's Federal Complaint").

21. The First Cause of Action in Defendant's Federal Complaint alleges that the Town of Haverstraw, the Planning Board of the Town of Haverstraw, and the aforesaid three members of the Planning Board violated Defendant's federal constitutional rights in violation of 42 U.S.C 1983 and 1985.

22. The Second Cause of Action in Defendant's Federal Complaint alleges a claim for relief under RLUIPA, 42 U.S.C. Section 2000cc(a)(1).

23. The Third Cause of Action in Defendant's Federal Complaint alleges violations of Article I, Sections 3, 6, 9 and 11 of the New York State Constitution.

24. Among other things, Defendant's Federal Complaint seeks an award for compensatory damages against the Town of Haverstraw, the Planning Board of the Town of Haverstraw, and Glenn Widmer, Jose[h Michalak and Robert Sambrato for three million dollars; and an award for punitive damages against Glenn Widmer, Joseph Michalak and Robert Sambrato.

25. As set forth herein, Defendant's Federal Complaint is a purposeful attempt to bully and intimidate the Haverstraw Defendants into conceding to Defendant's misuse of RLUIPA under threat of a monetary sanction.

26. Defendant, the members of Defendant's Congregation and Defendant's attorney knew, or should have known, that RLUIPA is inapplicable to Defendant's present application.

The Terms Of RLUIPA

27. 42 U.S.C Section 2000cc (a)(1) provides in pertinent part:

a) Substantial burdens.
1) General rule. No government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly or institution-

A) is in furtherance of a compelling governmental interest; and
B) is the least restrictive means of furthering that compelling governmental interest.
2. Scope of application. This subsection applies in any case in which-

\*\*\*

C) the substantial burden is imposed in the implementation of a land use regulation or system of land use regulations, under which a government makes, or has in place formal or informal procedures or practices that permit the government to make, individualized assessments of the proposed uses for the property involved.

28. Thus, for purposes of this case, the general rule of RLUIPA is that governmental action regarding land use that "substantially burdens" religious exercise must be justified as the "least restrictive means" of furthering a "compelling governmental interest."

29. This case concerns a land use system that permits "government to make individualized assessments of the proposed uses for the property involved" within the meaning of RLUIPA.

30. 42 U.S.C. Section 2000cc (b)(1) provides:

(b) Discrimination and exclusion.
(1) Equal Terms. No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a

5

nonreligious assembly or institution.
(2) Nondiscrimination. No government shall impose or implement a land use regulation that discriminates against any assembly or institution on the basis of religion or religious denomination.
(3) Exclusions and limits. No government shall impose or implement a land use regulation that-
(A) totally excludes religious assemblies from a jurisdiction; or
(B) unreasonably limits religious assemblies, institutions, or structures within a jurisdiction.

31. Thus, for purposes of this case, the other general rule of RLUIPA is that governmental action regarding land use cannot discriminate between religious assembly and nonreligious assembly or between "religion or religious denomination, cannot totally exclude "religious assemblies, and cannot unreasonably" [limit] "religious assemblies, institutions, or structures…"

RLUIPA Is Unconstitutional, Facially

32. Specifically, RLUIPA is unconstitutional, facially:

(a) because, in imposing the "least restrictive means" test on all "individualized assessments of … proposed uses of [all] property" under land use regulations that substantially encumber religion, it is irrational and arbitrary in that it imposes a potential death sentence on all State regulation of land use applications, because under Burwell v. Hobby Lobby Stores, Inc., 573 U.S. 682 (2014), the government can always "pick up the tab," in the words of the late Justice Ruth Bader Ginsburg, Hobby Lobby Stores, 573 U.S. at 739, rendering nugatory considerations of the public health, safety and welfare;

(b) because its use of the "least restrictive means" test conflicts with the present test for determining Establishment and Free Exercise challenges, namely, Judge Gorsuch's Opinion in Kennedy v. Bremerton Sch. Dist., 142 S. Ct. 2407 (2022), where the United States Supreme Court ruled that Religion Clause issues are determined by whether applicable laws are "narrowly tailored" and by reference to "historical practices and the understanding of the Founding Fathers;"

c) because it unreasonably discriminates in favor of, and endorses, religion and religious practice over secular conduct and secular practice in a manner that conflicts with "historical practice and the understanding of the Founding Fathers;" and

(d) because it is irrational and arbitrary in that it is utterly devoid of congruence and proportionality to its alleged "remedial or preventive object" within the meaning of City of Boerne v. Flores, 521 U.S. 507 (1997).

RLUIPA Is Unconstitutional, As Applied To Defendant's Current Land Use Application

33. Specifically, RLUIPA is unconstitutional, as applied to Defendant's current land use application:

(a) because it unreasonably discriminates in favor of, and endorses, religion and religious practice over secular conduct and secular practice in a manner that conflicts with "historical practice and the understanding of the Founding Fathers;"

(b) because it is irrational and arbitrary in that it is utterly devoid of congruence and proportionality to its alleged "remedial or preventive object" within the meaning of City of Boerne v. Flores, 521 U.S. 507 (1997);

(c) because it is irrational and arbitrary in that there is no "compelling governmental interest" within the meaning of 42 U.S.C. Section 2000ccc(a)(1)(A) in that are numerous houses of worship for Orthodox Jews within the area- indeed, there are even two other houses of worship for the Orthodox Jewish community within a short walking distance from 62 Riverglen Drive, Haverstraw, New York, one of which is located at 56 Riverglen Drive;

(d) because it is irrational and arbitrary in that there is no "substantial burden on the religious exercise of a person" considering, there are numerous houses of worship for Orthodox Jews within the area; and

(e) because it is irrational and arbitrary in that the "least restrictive means" test is inapplicable here in light of the numerous houses of worship for Orthodox Jews within the area, including the aforesaid two houses of worship within walking distance of 62 Riverglen Drive.

RLUIPA Is Inapplicable To Defendant's Present Land Use Application

34. Specifically, RLUIPA is inapplicable to Defendant's present land use application:

(a) because there is no "compelling governmental interest" within the meaning of 42 U.S.C. Section 2000ccc(a)(1)(A) in that there are two other houses of worship for Orthodox Jews within a short walking distance from 62 Riverglen Drive;

(b) because there is no "substantial burden on the religious exercise of a person" because of the numerous houses of worship for Orthodox Jews within the area, including the aforesaid two houses of worship within walking distance of 62 Riverglen Drive;

(c) because the "least restrictive means" is inapplicable here in light of the aforesaid houses of worship for Orthodox Jews;

(d) because the decision by the Town of Haverstraw Planning Board denying Defendant's current land use application does not treat "a religious assembly…on less than equal terms with a nonreligious assembly…"; and

(e) because the decision by the Town of Haverstraw Planning Board does not discriminate "on the basis of religion or religious denomination."

35. Given the relevant factual predicates, RLUIPA does not impose a significantly substantial restriction on the religious exercise of the congregants of Defendant.

36. Given the relevant factual predicates, the application of RLUIPA is not oppressive to a significantly great extent on the religious exercise of the congregants of Defendant.

37. The application of RLUIPA to Defendant's present land use application is arbitrary because it fails to consider an important aspect of the problem, the public, health safety and welfare within the meaning of Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania, 591 U.S. __, 140 S. Ct. 2367 (2020).

38. The actions of the Town of Haverstraw comply with federal law.

39. The actions of the Town of Haverstraw comply with the New York Constitution.

40. The actions of the Planning Board comply with federal law.

41. The actions of the Planning Board comply with the New York Constitution.

42. The actions of the aforesaid three members of the Planning Board comply with federal law.

43. The actions of the aforesaid three members of the Planning Board comply with the New York Constitution.

## CLAIMS FOR RELIEF

### First Claim For Relief

(42 U.S.C Section 2000cc (a)(1), Facially, Violates The Establishment Clause Of The First Amendment To The United States Constitution)

44. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 43.

45. 42 U.S.C Section 2000cc (a)(1), facially, violates the Establishment Clause of the First Amendment to the United States Constitution.

### Second Claim For Relief

(42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates The Establishment Clause Of The First Amendment To The United States Constitution)

46. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 45.

47. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Establishment Clause of the First Amendment to the United States Constitution.

### Third Claim For Relief

### (42 U.S.C Section 2000cc (a)(1), Facially, Violates The Due Process Clause Of The Fifth Amendment To The United States Constitution

48. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 47.

49. 42 U.S.C Section 2000cc (a)(1), facially violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

### Fourth Claim For Relief

### (42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates The Due Process Clause Of The Fifth Amendment To The United States Constitution)

50. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 49.

51. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

### Fifth Claim For Relief

### (42 U.S.C Section 2000cc (a)(1), Facially, Violates The Due Process Clause Of The Fourteenth Amendment To The United States Constitution

52. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 51.

53. 42 U.S.C Section 2000cc (a)(1), facially, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### Sixth Claim For Relief

### (42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates The Due Process Clause Of The Fourteenth Amendment To The United States Constitution)

54. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 53.

55. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### Seventh Claim For Relief

(42 U.S.C Section 2000cc (a)(1), Facially, Violates The Equal Protection Clause Of The Fourteenth Amendment To The United States Constitution

56. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 55.

57. 42 U.S.C Section 2000cc (a)(1), facially, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Eighth Claim For Relief

(42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates The Equal Protection Clause Of The Fourteenth Amendment To The United States Constitution)

58. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 57.

59. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Ninth Claim For Relief

(42 U.S.C Section 2000cc (a)(1), Facially, Violates Article I Section 3 of the New York State Constitution)

60. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 59.

61. 42 U.S.C Section 2000cc (a)(1), facially, violates Article I, Section 3 of the New York Constitution (proscription against religious discrimination or preference).

Tenth Claim For Relief

(42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates Article I, Section 3 of the New York State Constitution)

62. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 61.

63. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates Article I, Section 3 of the New York Constitution (proscription against religious discrimination or preference).

Eleventh Claim For Relief

(42 U.S.C Section 2000cc (a)(1), Facially, Violates The Due Process Clause Of Article 1, Section 6 of the New York State Constitution)

64. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 63.

65. 42 U.S.C Section 2000cc (a)(1), facially, violates Article 1, Section 6 of the New York Constitution (deprivation "of life, liberty or property without due process of law").

Twelfth Claim For Relief

(42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates The Due Process Clause Of Article 1, Section 6 of the New York State Constitution)

66. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 65.

67. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates Article 1, Section 6 of the New York Constitution (deprivation "of life, liberty or property without due process of law").

Thirteenfth Claim For Relief

(42 U.S.C Section 2000cc (a)(1), Facially, Comports With Article I, Section 9 Of The New York Constitution

68. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 67.

69 42 U.S.C Section 2000cc (a)(1), facially, comports with Article 1, Section 9 of the New York Constitution ("the rights of the people peaceably to assemble").

Fourteenth Claim For Relief

(42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Comports With Article I, Section 9 Of The New York Constitution.

70. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 69.

71. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, comports with Article 1, Section 9 of the New York Constitution ("the rights of the people peaceably to assemble").

### Fifteenth Claim For Relief

#### (42 U.S.C Section 2000cc (a)(1), Facially, Violates Article 1, Section 11 Of The New York Constitution

72. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 71.

73. 42 U.S.C Section 2000cc (a)(1), facially, violates Article 1, Section 11 of the New York Constitution ("equal protection of laws").

### Sixteenth Claim For Relief

#### (42 U.S.C Section 2000cc (a)(1), As Applied To Defendant's Current Land Use Application, Violates Article 1, Section 11 Of The New York Constitution

74. Plaintiffs incorporate by reference the averments in Paragraphs 1 through 73.

75. 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates Article 1, Section 11 of the New York Constitution ("equal protection of laws").

### RELIEF REQUESTED

76. On the First Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C Section 2000cc (a)(1), facially, violates the Establishment Clause of the First Amendment to the United States Constitution.

77. On the Second Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Establishment Clause of the First Amendment to the United States Constitution.

78. On the Third Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

79. On the Fourth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

80. On the Fifth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

81. On the Sixth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

82. On the Seventh Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

83. On the Eighth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

84. On the Ninth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, violates Article I, Section 3 of the New York Constitution.

85. On the Tenth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, violates Article I, Section 3 of the New York Constitution.

86. On the Eleventh Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, violates Article I, Section 6 of the New York Constitution.

87. On the Twelfth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, violates Article I, Section 6 of the New York Constitution.

88. On the Thirteenth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, comports Article I, Section 9 of the New York Constitution.

89. On the Fourteenth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, comports with Article I, Section 9 of the New York Constitution.

90. On the Fifteenth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), facially, violates Article I, Section 11 of the New York Constitution.

91. On the Sixteenth Claim For Relief, the entry of a declaratory judgment providing that 42 U.S.C. Section 2000cc (a)(1), as applied to Defendant's current land use application, violates Article I, Section 11 of the New York Constitution.

Plaintiff requests a jury trial.

Dated: December 12, 2022

                ELLIOTT LOUIS PELL, P.C.
                elliottpell@elliottpell.com
                122 East 42nd Street, Suite 2100
                New York, New York 10168
                Telephone: (212) 391-2122
                Facsimile: (908)286-0620
                Attorneys for Plaintiffs

BY: _____
     ELLIOTT LOUIS PELL, ESQ.